**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Victor Theodore MARTINEZ,**
**Defendant–Appellant.**

No. 07–1207.
D.C. Nos. 03–CV–409–WDM,
99–CR–413–WDM.

United States Court of Appeals,
Tenth Circuit.

Aug. 23, 2007.

James C. Murphy, United States Attorney's Office, Denver, CO, Plaintiff–Appellee.

Robert G. Levitt, Denver, CO, Defendant–Appellant.

Before BRISCOE, MCKAY, and MCCONNELL, Circuit Judges.

### ORDER *

Following a federal jury trial, Petitioner was convicted of being a felon in possession of a firearm and was sentenced to 235 months in prison. A panel of this court affirmed his conviction on direct appeal. Petitioner then filed a § 2255 habeas petition arguing that he received ineffective assistance of counsel during his trial and sentencing and that he was selectively prosecuted in violation of his due process rights. Petitioner requested an evidentiary hearing and moved for discovery regarding the government's alleged selective prosecution. The district court denied the petition in its entirety. Petitioner now seeks a certificate of appealability to appeal the district court's decision.

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted).

In his habeas petition, Petitioner claimed that his trial counsel suffered from an untreated mental illness and a methamphetamine addiction while representing Petitioner and that counsel specifically provided ineffective assistance by (1) failing to call two witnesses whom he had earlier stated would be providing exculpatory testimony; (2) failing to object to critical hearsay testimony presented by the government; (3) failing to proffer an existing plea agreement to Petitioner; and (4) failing to argue that Petitioner was selectively prosecuted in violation of the Equal Protection clause. He further claimed that the new attorney who represented him at sentencing provided ineffective assistance by failing to present psychiatric testimony supporting his motion for downward departure. Additionally, Petitioner requested discovery of materials relating to his selective prosecution allegation.

■ On Petitioner's claim of selective prosecution, the district court determined that Petitioner had provided no evidence of discriminatory effect or intent and, therefore, that discovery was not justified under the standard set forth in *United States v. Armstrong,* 517 U.S. 456, 468, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). After carefully reviewing the record and Petitioner's filings, we conclude that this issue does not meet our standard for the grant of a certificate of appealability because reasonable jurists would not debate whether the district court resolved this issue correctly.

■ On Petitioner's claim of ineffective assistance of counsel at sentencing, the district court noted that the psychiatrist was not qualified to testify as to the legal requirements for a downward departure and that Petitioner had not indicated what other information the psychiatrist could have provided that was not already contained in her report. The court thus concluded that Petitioner had not demonstrated that counsel's decision not to present this testimony was anything other than sound strategy. Our review of the record and Petitioner's filings convinces us that reasonable jurists would not debate whether this issue was resolved correctly, and we accordingly deny Petitioner's request for a certificate of appealability as to this issue.

As for Petitioner's claim of ineffective assistance of trial counsel, the district court concluded that Petitioner had not satisfied the two-part standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). After deciding that trial counsel's mental illness and substance abuse did not render his representation inadequate per se, the court considered the specific instances of alleged ineffective assistance. With respect to counsel's failure to call the two potentially exculpatory witnesses, the court determined that Petitioner had not overcome the presumption that this action was part of counsel's sound trial strategy and, moreover, that Petitioner had not demonstrated prejudice because it was uncertain what testimony the two witnesses would have given and whether the jury would have found them credible. The court next held that Petitioner had not been

prejudiced by counsel's failure to object to the hearsay testimony because the jury heard other evidence tending to establish Petitioner's guilt. As for the plea agreement, the court held that Petitioner had not demonstrated prejudice because there was no evidence—absent his assertions in his habeas petition—that he would have accepted the plea agreement if counsel had advised him of it. The court further held that Petitioner had not demonstrated prejudice from counsel's failure to raise the issue of selective prosecution because Petitioner identified no evidence that would have supported that claim.

■ After reviewing the record, we are convinced that reasonable jurists might debate whether the district court erred in denying Petitioner's claim of ineffective assistance of trial counsel and in refusing to hold an evidentiary hearing on this matter. In particular, the district court's application of the presumption that the disputed actions were part of counsel's sound trial strategy strikes us as somewhat troublesome in light of counsel's then-untreated mental illness and substance abuse and in the absence of any testimony regarding how these factors affected counsel's representation of Petitioner. While we make no holding on the ultimate merits of this claim, we conclude that Petitioner has satisfied the requirements to obtain a certificate of appealability.

Accordingly, we **GRANT** Petitioner's request for a certificate of appealability on the issue of ineffective assistance of trial counsel and on the related issue of the district court's denial of his request for an evidentiary hearing. Respondent shall file an appellee's brief addressing these issues within thirty days of the date of this order.